IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELVIN SANCHEZ LOPEZ, #19717-033,<br><br>Petitioner,<br><br>v.<br><br>ESTELA DERR,<br><br>Respondent. | CIVIL NO. 22-00316 JAO-WRP<br><br>**DISMISSAL ORDER** |

## DISMISSAL ORDER

Before the Court is a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") filed by pro se Petitioner Elvin Sanchez Lopez ("Lopez"). ECF No. 1. The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Because Lopez does not allege that he is in custody in violation of the Constitution or any other federal law, the Petition is DISMISSED without prejudice, but without leave to amend.

## I. BACKGROUND

In 2020, Lopez pleaded guilty in the United States District Court for the Western District of Kentucky to conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and conspiracy to carry or possess a firearm

during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 924(o).  *See*

Judgment in a Criminal Case, *United States v. Lopez Sanchez*, Cr. No. 17:00035-

GNS-7 (W.D. Ky. July 16, 2020), ECF No. 353 at 1–2.[1]  Lopez was sentenced to

67 months' imprisonment for each count, with each term of imprisonment to run

concurrently.  *Id*. at 3.

    Lopez is now serving his sentence at the Federal Detention Center in

Honolulu, Hawaiʻi.  *See* Federal Bureau of Prisons,

https://www.bop.gov/inmateloc/ (select "Find By Number"; enter "19717-033" in

"Number" field; and select "Search") (last visited Aug. 18, 2022).  Lopez is

currently scheduled for release on February 8, 2024.  *Id*.

    The Court received the Petition on July 25, 2022, ECF No. 1, and Lopez

paid the $5.00 filing fee on August 4, 2022, ECF No. 4.  In the Petition, Lopez

describes himself as a "deportable alien," and Lopez asserts that he is subject to a

"pending deportation."  ECF No. 1 at 6.  Lopez also asserts, however, that "Unit

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records available electronically.  *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [public access to court electronic records]." (citations omitted)).  The Court notes that Lopez is identified as "Elvin Fernando Lopez Sanchez" in his criminal case.  On his Petition, however, Lopez identified himself as "Elvin Sanchez Lopez."  ECF No. 1 at 1.

Manager Kris" provided him with an "A-Number" of "208887206,"[2] and the "Immigration Court in Hawaii" informed Lopez that there was "no case" associated with this number.[3]  ECF No. 1 at 6–7.  Lopez alleges that Warden Derr "has taken no action to notify the Immigration Court of his pending deportation."  *Id*.  Lopez asks the Court to order Warden Derr "to update his alien status and provide him with the correct ICE recognized identification number."  *Id*. at 8.

## II.  <u>SCREENING</u>

Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010).  This rule also applies to a habeas petition brought under 28 U.S.C. § 2241.  *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under

---

[2]  An "A-Number" is a "unique seven-, eight-, or nine-digit number assigned to a noncitizen by the Department of Homeland Security."  *See* United States Citizenship and Immigration Services, https://www.uscis.gov/tools/glossary (select "A-Number/Alien Registration Number/Alien Number (A-Number or A#)") (last visited Aug. 18, 2022).

[3]  The Court's search of the Executive Office for Immigration Review's Automated Case Information page also produced no case associated with this A-Number.  *See* Executive Office for Immigration Review, Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "208887206" in boxes below "Enter your A-Number"; and select "Submit") (last visited Aug. 18, 2022).

3

28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

### III.  DISCUSSION

Section 2241 allows a district court to consider an application for a writ of habeas corpus from a federal prisoner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  The district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."  28 U.S.C. § 2243.

For example, the Ninth Circuit has said that 28 U.S.C. § 2241 is the appropriate avenue for relief when a federal prisoner "challenges the fact or duration of his confinement."  *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (citations and footnote omitted); *see also Alcala v. Rios*, 434 F. App'x 668, 669 (9th Cir. 2011) ("The district court correctly concluded that [the federal prisoner's] claims are not cognizable under 28 U.S.C. § 2241 because they do not concern the fact or duration of his confinement." (citation omitted)).

Here, the Court must dismiss the Petition because Lopez does not assert that he is currently in custody in violation of the Constitution or federal law.  Although Lopez refers to himself as a "deportable alien" and asserts that he is subject to a

4

"pending deportation," ECF No. 1 at 6, nothing suggests that Lopez is currently in the custody of the Department of Homeland Security ("DHS"), or that the DHS has taken any steps to remove him. Indeed, the record reflects that Lopez is incarcerated because of his 2020 conviction, not because of his immigration status. In general, "the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment." 8 U.S.C. § 1231(a)(4)(A); *see Nielsen v. Preap*, 586 U.S. ___, 139 S. Ct. 954, 969 (2019) (noting that 8 U.S.C. § 1231(a)(4)(A) "prevents officials from actually removing an alien from the country 'until the alien is released from imprisonment'"). The Court has no reason to believe that this general rule does not apply here.[4]

To the extent Lopez relies in his Petition on unspecified "Bureau of Prisons policy statements," ECF No. 1 at 6, "[a] habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). Because it plainly appears that Lopez is not entitled to relief, the Court must DISMISS the Petition.

---

[4] The DHS may issue a "detainer" to "advise another law enforcement agency that the [DHS] seeks custody of an alien . . . for purposes of arresting and removing the alien." 8 C.F.R. § 287.7. There is no evidence that a detainer was issued here. Regardless, a "bare detainer letter alone does not sufficiently place an alien in [DHS] custody to make habeas corpus available." *Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995); *Martinez v. Mukasey*, 263 F. App'x 648, 649 (9th Cir. 2008) ("Habeas corpus is not available to challenge the detainer.").

## IV. **CONCLUSION**

(1) The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without prejudice, but without leave to amend.

(2) The Clerk is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED

DATED:  Honolulu, Hawaiʻi, August 18, 2022.



Jill A. Otake
United States District Judge

*Lopez v. Derr*, Civil No. 22-00316 JAO-WRP; DISMISSAL ORDER